# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA )
FOR THE USE AND BENEFIT OF )
L. BLIXT CONSTRUCTION, INC., )
                                                   )
                  **Plaintiff,**    )
                                                   )         CIVIL ACTION
v.                                                )
                                                   )         No. 09-2559-KHV
LIBERTY MUTUAL INSURANCE CO. )
and KONTEK INDUSTRIES, INC., )
                                                   )
                  **Defendants.**  )
_____)

## MEMORANDUM AND ORDER

Blixt Construction, Inc. sues Kontek Industries, Inc. for breach of contract (Count I), Liberty Mutual Insurance Company for payment on a bond under the Miller Act, 40 U.S.C. § 3133 et seq. (Count III) and both defendants for quantum meruit (Count II). This matter comes before the Court on <u>Defendants' Motion To Dismiss And Compel Mediation/Arbitration Or In The Alternative, Stay The Litigation Against Liberty Mutual Insurance Co. Pending The Disposition Of The Mediation /Arbitration Between Kontek Industries, Inc. And L. Blixt Construction Company</u> (Doc. #7) filed December 10, 2009. For reasons stated below, the Court finds that the motion should be sustained in part.

## Factual And Procedural Background

Plaintiff's complaint and the record evidence are summarized in pertinent part as follows:

Kontek was the prime contractor for a construction project for the United States at the Marshall Army Airfield in Fort Riley, Kansas. Liberty Mutual furnished a payment bond for the project pursuant to the Miller Act, which requires general contractors to obtain payment bonds to protect persons who

supply labor and materials for construction of federal buildings.[1] See 40 U.S.C. §§ 3131 - 3134; United States ex rel. Davis Contracting, L.P. v. B.E.N. Construction, Inc., No. 05-1219-MLB, 2007 WL 293915, at *2 (D. Kan. Jan. 26, 2007). The payment bond agreement between Kontek and Liberty Mutual requires the following with regard to the parties' obligations under the bond:

> We, the Principal and Suret[y] are firmly bound to the United States of America (hereinafter called the Government) in the above penal sum. For payment of the penal sum, we bind ourselves, our heirs, executors, administrators, and successors, jointly and severally. . . . [The] Surety binds itself jointly and severally with the Principal, for the payment of the sum shown opposite the name of the Surety.

See Doc. #8-1 at 1.

Kontek subcontracted with Blixt to perform work on the aircraft crash and rescue facility and base operations facility portions of the project. See Doc. #1, Ex. B. Kontek agreed to pay Blixt for the reasonable value of labor and materials.

The Subcontract between Kontek and Blixt provided in part as follows:

ARTICLE 6 MEDIATION AND ARBITRATION

§ 6.1 MEDIATION

§ 6.1.1 Any claim arising out of or related to this Subcontract, except claims as otherwise provided in Section 4.1.5 and except those waived in this Subcontract, shall be subject to mediation as a condition precedent to arbitration or the institution of legal or equitable proceedings by either party.

§ 6.1.2 The parties shall endeavor to resolve their claims by mediation which unless the

---

[1] Federal property is not subject to state mechanics lien laws. Congress therefore created the Miller Act to protect persons who supply labor and materials for the construction of federal buildings. United States ex rel. Davis Contracting, L.P. v. B.E.N. Constr., Inc., No. 05-1219-MLB, 2007 WL 293915, at *2 (D. Kan. Jan. 26, 2007) (citing United States ex rel. B & D Mech. Contractors, Inc. v. St. Paul Mercury Ins. Co., 70 F.3d 1115, 1117 (10th Cir. 1995); United States ex rel. Ascher Bros. Co. v. Am. Home. Assurance Co., No. 98 C 0998, 2003 WL 1338020, at *21 (N.D. Ill. Mar. 18, 2003)). The Miller Act provides exclusive jurisdiction in federal courts to determine a surety's liability on a bond under Section 3131 of the Miller Act. See B & D., 70 F.3d at 1117-18.

parties mutually agree otherwise, shall be in accordance with the Construction Industry Mediation Rules of the American Arbitration Association.

\* \* \*

§ 6.2 ARBITRATION

§ 6.2.1 Any claim arising out of or related to this Subcontract, except claims as otherwise provided in Section 4.1.5 and except those waived in this Subcontract, shall be subject to arbitration. Prior to arbitration, the parties shall endeavor to resolve disputes by mediation in accordance with the provisions of Section 6.1.

§ 6.2.2 Claims not resolved by mediation shall be decided by arbitration which, unless the parties mutually agree otherwise, shall be in accordance with the Construction Industry Arbitration Rules o the American Arbitration Association.

See id. at 7.

Blixt asserts that as of April 9, 2009, it had fully performed its duties but that Kontek still owes $283,970.74 under the contract. Blixt alleges that despite repeated demands, Kontek and Liberty Mutual have refused to pay the balance due.

## **Analysis**

Defendants ask the Court to compel arbitration and dismiss this action. In the alternative, they seek to stay the litigation pending arbitration. Before granting a stay pending arbitration, the Court must determine that the parties have a written agreement to arbitrate. See 9 U.S.C. §§ 3 and 4; Avedon Eng'g, Inc. v. Seatex, 126 F.3d 1279, 1283 (10th Cir. 1997).

Under Section 2 of the FAA, "[a] written provision in any . . . contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction . . . shall be valid, irrevocable, and enforceable . . . ." See 9 U.S.C. § 2. Section 3 of the FAA permits the Court to stay litigation in favor of arbitration as follows:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit

> or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

Id. § 3. The FAA establishes a federal policy favoring arbitration agreements and requires that the court rigorously enforce such agreements. Shearson/Am. Exp., Inc. v. McMahon, 482 U.S. 220, 226 (1987).

Normally, on a motion to compel arbitration under the FAA, the Court applies a strong presumption in favor of arbitration. See ARW Exploration Corp. v. Aguirre, 45 F.3d 1455, 1462 (10th Cir. 1995) (FAA evinces strong federal policy in favor of arbitration). The Court may compel arbitration only when satisfied that the making of the agreement is not at issue. Nat'l Am. Ins. Co. v. SCOR Reinsurance Co., 362 F.3d 1288, 1290 (10th Cir. 2004). Generally, state law principles of contract formation govern whether a valid arbitration agreement exists. Hardin v. First Cash Fin. Servs., Inc., 465 F.3d 470, 475 (10th Cir. 2006). Under Kansas law, the question whether the parties have created a binding contract depends on their intent and is a question of fact. Reimer v. Waldinger Corp., 265 Kan. 212, 214, 959 P.2d 914, 916 (1998).

In seeking to compel arbitration, defendants bear the initial burden to present evidence sufficient to demonstrate an enforceable agreement to arbitrate. SmartText Corp. v. Interland, Inc., 296 F. Supp.2d 1257, 1263 (D. Kan. 2003). Once defendants have met this burden, plaintiff must show a genuine issue of material fact as to the making of the agreement. Id. Essentially, this creates a summary-judgment-like standard which the Court applies in deciding whether to compel arbitration. See Clutts v. Dillard's, Inc., 484 F. Supp.2d 1222, 1223-24 (D. Kan. 2007) (Courts of Appeals have uniformly applied summary-judgment-like standard to motions to compel arbitration under FAA).

As to defendants' initial burden, the record contains sufficient evidence of an enforceable mediation and arbitration agreement between Blixt as subcontractor and Kontek as general contractor

of the project. Specifically, the subcontract states that Blixt and Kontek have agreed to mediate and then arbitrate their disputes under the Construction Industry Rules of the American Arbitration Association. Blixt does not contest that the contract requires it to mediate and, if necessary, arbitrate its claims against Kontek.

Although Liberty Mutual is not a party to the subcontract, it also seeks to enforce the mediation/arbitration clause against Blixt. Liberty Mutual asserts that it may properly enforce the mediation/arbitration clause because Blixt's claims against it are intertwined with the subcontract which requires mediation and arbitration. See Sourcing Unlimited, Inc. v. Asimco Int'l, Inc., 526 F.3d 38, 46-47 (1st Cir. 2008) (signatory to arbitration agreement may be compelled to arbitrate claims against non-signatory when claim against non-signatory intertwined with agreement containing arbitration clause); JLM Indus. Inc., v. Stolt-Nielsen S. A., 387 F.3d 163, 177-78 (2d Cir. 2004).[2] Here, Liberty Mutual is the surety for Kontek under the Miller Act.[3] Suretyship involves "a contractual relation resulting from an agreement whereby one person, the surety, engages to be answerable for the debt, default or miscarriage of another, the principal. In the absence of special provisions in the contract, the liability of a surety on a performance bond is coextensive with that of its principal." Painters Local Union No. 171 v. Williams & Kelly, Inc., 605 F.2d 535, 539 (10th Cir. 1979) (further citations omitted). The general principles of suretyship apply in the Miller Act context because the Miller Act payment bond arrangement creates a principal/surety relationship. See United States v. Consol. Constr., Inc., No.

---

[2] Defendants assert that as a condition precedent to recovery against Liberty Mutual on the bond, Blixt must establish that Kontek breached a payment obligation to Blixt. See B.E.N. Constr., 2007 WL 293915, at *4-5. Plaintiff does not contest this proposition.

[3] Under the Miller Act, 40 U.S.C. §§ 3131 through 3134, federal courts have exclusive jurisdiction to determine a surety's liability on a bond under the Miller Act. See 40 U.S.C. § 3133.

92-A-196, 1992 WL 164519, at *2 (D. Colo. June 25, 1992) (surety's liability under the Miller Act coincides with that of general contractor, its principal).

Blixt does not contest that the contract requires it to mediate and, if necessary, arbitrate its claims against Liberty Mutual.[4] Blixt asks the Court to stay – rather than dismiss – the case pending alternative dispute resolution. Blixt asserts that dismissal could jeopardize its right to recover against Kontek or Liberty Mutual under the Miller Act, 40 U.S.C. § 3133, which includes time limitations which a subcontractor must meet to make a claim on a payment bond. Defendants respond that there is "no legal basis whatsoever for [p]laintiff to initiate, maintain or even stay a cause of action against a party with whom [p]laintiff is obligated and otherwise bound to arbitrate its dispute." Defendants' Reply To Plaintiff's Memorandum In Opposition To Defendants' Motion To Dismiss And Compel Mediation/Arbitration Or In The Alternative, Stay The Litigation Against Liberty Mutual Insurance Co. Pending The Disposition Of The Mediation /Arbitration Between Kontek Industries, Inc. And L. Blixt Construction Company (Doc. #12) at 2. Defendants ask the Court to compel arbitration and dismiss the case. Defendants do not present any basis for the Court to dismiss the case, however, and the Court therefore will stay the case pending arbitration. See Lynn v. Gen. Elec. Co., 407 F. Supp.2d 1257, 1263 (D. Kan. 2006).

---

[4] As surety for Kontek, even if Liberty Mutual is not a party to the arbitration, it will be bound by it so long as it has actual notice of the arbitration proceeding. See B.E.N. Construction, 2007 WL 293915, at *4 (citing United States ex rel. Aurora Painting, Inc. v. Firemen's Fund Ins. Co., 832 F.2d 1150, 1151 (9th Cir. 1987) (surety on Miller Act subcontract bound by arbitration award decision ratified by state court; even though surety not named party in arbitration, had notice of state court action); United States ex rel. Skip Kirchdorfer, Inc. v. M.J. Kelley Corp., 995 F.2d 656, 660-61 (6th Cir. 1993) (surety in Miller Act case bound by confirmed arbitration award because surety had notice of arbitration proceedings against the principal, was named as defendant in district court complaint and shared an attorney with principal)).

**IT IS THEREFORE ORDERED** that <u>Defendants' Motion To Dismiss And Compel Mediation/Arbitration Or In The Alternative, Stay The Litigation Against Liberty Mutual Insurance Co. Pending The Disposition Of The Mediation /Arbitration Between Kontek Industries, Inc. And L. Blixt Construction Company</u> (Doc. #7) filed December 10, 2009 be and hereby is **SUSTAINED IN PART.** Plaintiff's claims are stayed pending arbitration.

Counsel for the parties are directed to report to the Court in writing no later than August 1, 2010, concerning the status of arbitration in the event that the case has not been terminated earlier. Failure to so report will lead to dismissal of this case for lack of prosecution.

Dated this 1st day of March, 2010 at Kansas City, Kansas.

<u>s/ Kathryn H. Vratil</u>
Kathryn H. Vratil
United States District Judge